Haynes, J.
This is an action brought in the Court of Common Pleas and appealed to this court; wherein the plaintiffs filed [a petition for the purpose of having certain transactions of The Bellman Bros. Company declared to be a preference in fraud of creditors. The action is brought under Sec. 6343 or 6344 of the statutes.
The principal question in the case arises between the Holcomb National Bank and the receiver of the company in regard to the distribution of the -funds; the bank claiming that by virtue of certain arrangements that were made by it with the Bellman Bros. Company it is entitled to a preference to a certain amount upon the funds in the hands of *361 the receiver. We have read the evidence in the case, and have given the subject very earnest and very careful attention, because the question is one of difficulty, and I think one of doubt, and we are not wholy agreed in regard to the matter. However, we have finally agreed upon a judgment that I shall now proceed to announce.
We find from the testimony that the Bellman Bros, had been carrying on the printing business here for some time, and had become so much involved that the First National Bank, which had been carrying them for some time, declined to do so any longer, and they were obliged to seek for new means of raising money. They went to one of the offiers of the Holcomb National Bank, and made application to him, or through him to the bank, to assist them, claiming that while they were somewhat involved, they were still solvent and a going concern, and would be able to work their way through. The officer brought them to the president of the bank, and they had a general conversation. These officers very promptly said to the Bellmans that they did not want to take up a concern of that kind and pay off the debts to a bank that had been carrying them, and which had refused to carry them any longer, unless they could be made safe and secure for whatever advances they might make. It was finally arranged between the officers of the bank and the officers of the Bellman Bros. Company that the bank should advance them $2,000 — and I think subsequently $1,000 more — to enable them to carry on their business, and that the Bellman Bros., at any time that the bank should deem it necessary for the protection of the bank, should execute to it a mortgage upon the personal property of the Bellman Bros. Company for the purpose of securing the bank. Under this arrangement the advances were made, in the aggregate, perhaps to the amount of $3,000. And there was also in addition to that certain overdrafts that were permitted by the bank in favor *362 of the Bellman Bros. Company to the amounhof three or four hundred dollars.
It is very strongly urged on behalf of the Campbell Printing Press Company that an agreement of JHiis kind should not be enforced; that the tendency of an agreement of that kind is to operate in fraud of the rights of other creditors, to induce them to make sales and grant credit to the defendant1 which they otherwise would not have done, if they had known that there was a mortgage upon the property, or one that might be upon the property. We are inclined to the opinion, after a very careful investigationTof the matter, that an agreement of that kind will be upheld and aided by a court of equity, and we therefore hold in regard to the moneys that were advanced under that agreement, to the amount of about $3,000, that the bank should be entitled to a lien. The amount of the overdrafts will not be included in that arrangement, to the amount of two or three hundred dollars.
It is claimed that the mortgage that was executed, when it was executed, was not executed in such a manner as to bind the company, in that the Bellman Bros. Company did not, at the time that the mortgage^was made, have a meeting of a quorum of the directors which authorized the execution of the mortgage. The matter has been very fully discussed by counsel, and various suggestions and arguments have been made in reference to it. We have examined the statutes and authorities cited by counsel, and we are inclined to the' opinion that a de facto director should be recognized, although we think it true that where a person ceases to own stock, and the question is made, he would not be permitted to act as a~director.
Here the parties, when the money was agreed to be advanced, as they had a right to do, made an agreement to give security. They attempted to secure it. A mortgage was made and possession of the property was taken under *363 that mortgage. No one dissented. We think under that mortgage and under that possession, the bank had an equity which should be protected by this Court, and in drawing the decree, therefore, priority may be given to the bank as we have indicated. We think the balance, if there is any, should go to the receiver for the creditors, the costs to be paid out of the fund in the hands of the receiver, before the distribution of the balance.
E. H. Rhoades, for plaintiff.
Geo. H. Beclaoith, for defendant Holcomb National Bank,